IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL E. REINAAS,

                Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

OPINION AND ORDER

16-cv-814-wmc

Pursuant to 42 U.S.C. § 405(g), plaintiff Michael E. Reinaas seeks judicial review of a final decision of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, which denied his application for Social Security Disability Insurance Benefits. For the reasons provided below, the court will affirm the Commissioner's determination and enter judgment in defendant's favor.

BACKGROUND

On May 3, 2013, Reinaas filed a Title II application for a period of disability beginning July 1, 2012. His claim was denied on October 24, 2013, and upon reconsideration on February 20, 2014. A video hearing was held before Administrative Law Judge Debra Meachum on September 16, 2015.

The ALJ found that Reinaas suffered from a variety of severe impairments, including obesity, degenerative disc disease, spine disorders, major joint dysfunction, and arthropathies. (AR at 29.) The ALJ found other health issues were not severe impairments, including migraines, asthma, and obstructive sleep apnea. (AR at 30.)

Nevertheless, the ALJ denied Reinaas's claims on October 29, 2015, finding that he was still capable of light work as defined in 20 CFR § 404.1567(b) with a variety of

additional limitations on physical activities and exposure to environmental irritants and hazards. (AR at 30-31.) The ALJ also found a need for regular breaks and the ability to be off task up to ten-percent of the work day. (AR at 31.)

OPINION

Unless unsupported by substantial evidence or based on an error of law, this court must defer to an ALJ's decision to deny benefits. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Still, to be upheld, the ALJ's ruling must create an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled. *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)).

Similarly, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). A reviewing court will not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Still, the court must conduct a "critical review of the evidence" before affirming a decision to deny benefits. *McKinzey*, 641 F.3d at 889.

Here, plaintiff raises five issues on appeal, arguing that the ALJ failed to: (1) give adequate weight to a treating physician's opinion; (2) include all medical limitations in

2

plaintiff's RFC assessment; (3) appropriately analyze subjective complaints; (4) resolve conflicts in the vocational expert's testimony; and (5) determine if there was a significant erosion of light-level jobs under SSR 83-12p. The court addresses each argument below.

I. Treating Physician Deference

Plaintiff argues the ALJ failed to give controlling weight to the opinion of Dr. Bodeau, who treated Reinaas from 2011 to 2014. (AR at 418, 464.) Specifically, on April 29, 2014, Dr. Bodeau reported on a Disability Treating Source Inquiry form that Reinaas could sit for no more than 30 minutes or stand for more than 10-15 minutes. (AR at 464.) Dr. Bodeau also noted other pain, physical limitations, and a need to be absent from work four days a month. (AR at 465.) Normally, a treating physician's opinion is due controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." 20 CFR § 404.1527(c)(2). However, the opinion may be discounted if it is "internally inconsistent" or "inconsistent with other evidence." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995).

In declining to give controlling weight to Dr. Bodeau's findings, the ALJ noted that there was no evidence that he had any knowledge of the Social Security disability rules and regulations. (AR at 32.) More importantly, the ALJ found that "Dr. Bodeau's opinion can only be based on the claimant's report of symptoms and limitations" and that it was "inconsistent with substantial evidence of record, both medical and nonmedical." (*Id*.) Moreover, the ALJ found plaintiff's testimony less than credible, given the range of activities and tasks that contradict the limitations found. (*Id*. at 33.) These credibility

3

determinations are sufficient to undermine the opinion of Dr. Bodeau and are within the authority of an ALJ under § 404.1527(2), who must review the record as a whole.

**II. Inclusion of Medical Limitations**

Plaintiff also argues that the ALJ erred by not crediting his claim of limited neck mobility, raising a possibility that he could not perform sedentary work due to an inability to look down at a table or bench in front of him. (Pl.'s Br. (dkt. #16) 11.) Plaintiff also points to his testimony alleging a reduced ability to turn his head from side to side and limited repetitive grasping abilities. (*Id*. at 12.)

However, the ALJ similarly discounted this testimony on the basis of record evidence undermining his credibility. In the case of plaintiff's neck pain, the ALJ found his testimony was not fully credible, reasoning that plaintiff's driving "suggests greater movement in the neck than alleged." (AR at 33.) The ALJ similarly found that use of vibrating tools and a variety of other physical activities performed by plaintiff "are not the activities of a disabled individual, especially not an individual with significant neck and shoulder problems as alleged by the claimant." (*Id*.) Moreover, the fact that plaintiff may have exercised caution in performing these activities is not sufficient to overturn the ALJ's credibility determination, especially with regard to plaintiff's mobility.

**III. Subjective Complaints**

Plaintiff next argues the ALJ erred in evaluating his subjective complaints, and implicitly his credibility, because "a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016). However, the Seventh Circuit has explained

4

that "work history is just one factor among many, . . . it is not dispositive." *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (finding ALJ's silence on work history insufficient to alter result when ALJ's opinion was supported by substantial evidence).

Plaintiff similarly argues that the ALJ did not evaluate the effects of his medications as required by SSR 16-3p, but cites no evidence, such as medical records, suggesting any side effects from medications. While the treatment records mention hydrocodone was not refilled, for example, there is no contemporary mention of side effects. (AR at 832.) The burden remains on plaintiff to provide evidence of medical conditions that effect his ability to work. *See* 20 CFR § 404.1512.

Despite the ALJ's finding that obesity was a severe impairment, plaintiff argues she did not appropriately analyze whether his obesity might contribute to his pain in light of plaintiff's ongoing neck and shoulder issues. In light of the ALJ's adverse credibility determination regarding the severity of plaintiff's neck and shoulder issues, this reasoning is problematic at best. Regardless, the ALJ not only acknowledged that obesity could worsen other medical conditions, but noted that there was no evidence of a problematic combination, such as an inability to ambulate effectively. (AR at 30.) There is, therefore, nothing in the record justifying remand on the basis of the ALJ's obesity findings.

## IV. Vocational Expert Testimony

Plaintiff further argues that the VE's testimony contradicted the Dictionary of Occupational Titles ("DOT") by misclassifying the job of information clerk as an unskilled position, rather than a semi-skilled position, while finding that plaintiff was capable of performing its functions. However, the VE also found that plaintiff was capable of

performing seven jobs, leaving over a million positions available even if information clerk positions are excluded. (AR at 34.) Any error is, therefore, harmless on this record. *See Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009) ("it appears to be well-established that 1,000 jobs is a significant number").[1]

Plaintiff also argues that the VE erred by opining that the hypothetical individual could perform sedentary work with a sit/stand option, when sedentary jobs are done primarily while sitting down. While plaintiff correctly points out that SSR 00-4p requires consideration of whether a VE's testimony is consistent with the DOT, the DOT itself "does not address the subject of sit/stand options" so such testimony is not in direct conflict. *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008). More importantly, since, as previously discussed, the ALJ asked the VE to limit the hypothetical individual to positions that permit sitting and standing at will, it does not appear any error was material. That conclusion is reinforced by examining the six remaining occupations that the VE identified (cashier, light; individual inspector, light; bench assembler, light; office helper, light; order clerk, sedentary; and assembler, sedentary).

## V. Erosion of Light-Level Jobs

Finally, plaintiff argues that because the sit/stand option limited the number of available light work jobs, the ALJ should have considered whether this limitation comprised a significant reduction in the availability of light exertional work. However, this was

---

[1] Similarly, plaintiff argues that the ALJ erred by finding him capable of holding a cashier job, when the VE excluded it as to a hypothetical individual with the ability to sit or stand at will. This argument, however, does not succeed for the same reason that the argument about misclassification of the information clerk position does not -- even with this limitation, the VE concluded that a substantial number of jobs still exist in the national economy.

anticipated by the ALJ as well, who explained:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of 'not disabled' would be directed . . . . However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.

(AR at 34.) Indeed, it was in response to this latter question that the VE generated his list of seven positions plaintiff was still capable of performing. (*Id*.) Consequently, there is again no reason to believe that the possibility of a significant erosion of positions was ignored by the VE or the ALJ.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, denying Michael E. Reinaas's application for disability insurance benefits is AFFIRMED. The clerk of the court is directed to enter judgment for defendant and close this case.

Entered this 31st day of March, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge